————O————

FREDERICK MERCIER, PETER MERCIER AND ALFRED T. PEDIGO, Plaintiffs in Error, *vs.* THE MISSOURI RIVER, FORT SCOTT AND GULF RAILROAD COMPANY, Defendant in Error.

1. *Land and land-titles—Conveyances—Heirs.*—A conveyance of land to a grantee and his heirs creates a fee simple title, both at law and in equity.

*Error to Jackson Circuit Court.*

*Gage & Ladd, and Cobb & Cook,* for Plaintiffs in Error.

I. By the deed the premises are conveyed to William Gillis as trustee of Maria Louisa Mercier and her family. The words "her family" in this deed mean the same as "her children

then born, and thereafter to be born of her said marriage with said Prosper Mercier." The word "family" means "children." (Terry's Will, 19 Beav., 580; Barnes vs. Patch, 8 Ves. 604; Woods vs. Woods, 1 Mylne & Cr., 401; McLeroth vs. Bacon, 5 Ves., 159; Whiting vs. Whiting, 4 Gray, 236; White's Exrs. vs. White, 30 Vt., 338; Flournoy vs. Johnson, 7 B. Mon., 693; Cosby vs. Furguson, 3 J. J., Marsh, 264.) The word "heirs" in the order of the court also means the same as the word family. This is not the usual legal meaning of the word but it may have this meaning. (2 Washb., Real Prop., [3 Ed.] 274; Thurston vs. Thurston, 6 R. I., 296; Williamson vs. Williamson, 18 B. Mon., 329; Rutty vs. Tyler, 3 Day, 470.) It must be so construed in this case, because that construction is necessary to carry out and not defeat the obvious intent of the deed, the order and the entire proceeding, which was to protect the estate from the husband. It is believed that no case can be found in which a deed is so construed as to defeat the rights of parties recited in the deed itself, where another construction, by which those rights might have been saved and protected, was possible.

II. Mrs. Mercier properly claimed her "Equity," and the court decreed it to her, and thereby, the children acquired a vested interest in it. (Lloyd vs. Williams, 1 Madd., 244; Murray vs. Elibank, 13 Ves., 1; Lloyd vs. Mason, 5 Hare, 148; Suggitt's Trusts, 3 Ch. App. [Law Rep.], 215; Kenny vs. Udall, 5 John. Ch., 464; 3 Cow., 590; Mumford vs. Murray, 1 Paige, 620; Steinmetz vs. Halthin, 1 Glyn. & Jam. 64; Haviland vs. Myers 6 John. Ch., 25; Helms vs. Franciscus, 2 Bland. Ch., 544; Greer's Heirs vs. Boone, 5 B. Mon., 554; Perry Trusts, §§ 627,–638; Sto. Eq. Jur., §§ 1402–1420; Hill Trustees, [4 Am. Ed.] 408-414.)

III. Under the circumstances the true interpretation of the deed is a life estate to the mother with remainder to the children. (Armstrong vs. Armstrong, 7 Eq. Cases, [Law Rep.] 518; Jeffrey vs. DeVitre, 24 Beav., 296; Froggatt vs. Wardell, 3 DeG. & S., 685; White vs. Williamson, 2 Grant, Cas. 249; Carr vs. Estill 16 B. Mon., 309.)

*W. P. Hull and Karnes & Ess,* for Defendant in Error.

I. It is evident from an examination of the petition, the decree, and the deed, that the trustee held this property for the wife as her sole and separate property, and that her children had no interest therein.

II. No court can construe the word "heirs" to mean "family" or "children," for the word "heirs" is a legal term, and here is used in a decree by a court supposed to know the legal meaning of the law terms it uses in its records.

III. "The *cestui que trust* has *jus disponendi,* that is, may call upon the trustees to execute conveyances of the estate as the *cestui que trusts* direct." (Lewin Trusts, [2 Am. Ed.] 595; Perry Trusts, 466; Watts vs. Turner, 1 Russ. and Myl., 634; Moore vs. Burnet, 11 Ohio, 334; Arrington vs. Cherry, 10 Ga., 429; Angier vs. Stannard, 3 Myl. and K., 556; 1 Sanders Uses and Trusts, [2 Am. Ed.] 2; 2 Washb. Real Prop., [Ed. 1862] 209, 210; Hill Trustees [Am. Ed., 1857], 278-409.)

IV. The sale by her trustee, though ordered by the court, was made at Mrs. Mercier's instance and request, and the purchaser paid the money to Gillis, acting as such trustee, and selling by the consent and direction of Mrs. Mercier, and, as against such a purchaser, Mrs. Mercier can have no relief, and her heirs take no rights of property except what she had at her death.

V. Even if the court had no jurisdiction, Mrs. M., taking advantage of the proceedings, cannot take the objections, nor can her heirs. (Dulin vs. Howard, 66 N. C., 433.)

VI. As to separate property, married women are in all respects to be deemed sole, and can convey. (Lechmere vs. Brotheridge, 32 Beav., 353; Whitesides vs. Cannon, 23 Mo., 457; Tiernan vs. Pool, 1 Gill. and J., 216; Yale vs. Dederer, 21 Barb., 286; Coates vs. Robinson, 10 Mo., 757; Kimm vs. Weippert, 46 Mo., 532.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment. Both parties claimed title under the following deed:

This indenture, made and entered into this 15th day of March, in the year of our Lord one thousand eight hundred and fifty, by and between Benoist Troost, Mary Ann, his wife, of the county of Jackson, and State of Missouri, of the first part, and William Gillis, as trustee for the use and benefit of Maria Louisa Mercier and her family, according to a decree made at the September term, 1847, of the Circuit Court of the county aforesaid, of the second part, witnesseth :

That the said parties of the first part, for and in consideration of the sum of two hundred and fifty dollars to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain, sell and confirm unto the said William Gillis, in trust as aforesaid, according to the decree aforesaid, and to his successors, the following tract or parcel of land situate and being in the county of Jackson, and State of Missouri, together with all and singular the appurtenances thereunto belonging, to-wit: the one-half of the northwest fractional quarter of section No. seven (7), in township No. forty-nine (49), in range No. thirty-three (33), excepting about ten acres heretofore conveyed to Silas Armstrong, supposed to contain one hundred and forty acres, be the same more or less, the one undivided half, which in division shall be so divided, that each half shall contain one-half of the bottom and one-half of the hill land in quantity, the said party of the second part having, for his part in trust as aforesaid, the northeast part thereof, situated east of Turkey Creek, in the county and State aforesaid.

To have and to hold the above granted premises to the said party of the second part in trust as aforesaid, according to the decree as aforesaid, and to his successor or successors forever.

And the said parties of the first part for themselves, their heirs, executors, administrators and assigns, do covenant with the said party of the second part and his successors in trust, as aforesaid, to forever warrant and defend the title to the afore-granted premises against the claim or claims of all persons whomsoever.

In testimony whereof, the said parties of the first part have hereunto set their hands and affixed their seals, the day and year first above written.

BENOIST TROOST, [L. S.]

MARY A. TROOST, [L. S.]

Interlineations and erasures made before signing.

Be it remembered, that on the eighteenth day of March, in the year of our Lord one thousand eight hundred and fifty, personally came Benoist Troost and Mary Ann, his wife, before me, Lott Coffman, a justice of the peace within and for the township of Kaw, and county of Jackson, who are personally known to me to be the same persons whose names are subscribed to the foregoing deed as a party thereto, and the said Benoist Troost then and there acknowledged that he executed said deed voluntarily for the uses and purposes therein expressed. And the said Mary Ann Troost having been made acquainted with the contents of said deed, and on examination separate and apart from her said husband, acknowledged that she executed said deed for the uses and purposes therein expressed, freely, and without compulsion or undue influence of her said husband.

In witness whereof I have hereunto set my hand and seal this 18th day of March, A. D. 1850.

LOTT COFFMAN, J. P.

STATE OF MISSOURI, ⎱ ss.
Jackson county. ⎰

I, Sam. D. Lucas, clerk of the Circuit Court within and for the county aforesaid, do certify that the foregoing deed from Benoist Troost and wife to William Gillis, trustee for the use and benefit of Maria Louisa Mercier and family, together with the acknowledgment, was deposited and duly recorded in my office on this 21st day of September, A. D. 1850, in book P. folio 545, and following.

In testimony whereof I hereunto set my hand and affix the seal of said court, at office in Independence, this 21st day of September, A. D. 1850.

[L. S.]    SAM D. LUCAS, Clerk.

By JAS. A. RICE, D. C.

The decree of the Jackson Circuit Court referred to in the foregoing deed reads as follows :

MARIA LOUISE MERCIER, BY HER NEXT FRIEND, BENOIST TROOST.

On petition to vest trust funds in real estate

Now at this day comes the said petitioner, by her solicitor, and files her petition herein, praying the court to make an order on William Gillis, trustee of certain funds in his hands belonging to her, and authorizing and requiring said trustee to vest a certain portion of said funds in land for a home for the said petitioner, Maria Louise Mercier, and her family, which said petition being by the court heard and fully understood, and it being manifest to the court that it would induce greatly to the comfort and happiness of the said petitioner, Maria Louisa Mercier, and her family, to vest a portion of said trust funds in land for a home for the said petitioner and her family ; it is, therefore, ordered, adjudged and decreed, by the court here, that William Gillis, trustee of the funds of the said Maria Louisa Mercier, be, and he is hereby, authorized and required to vest the sum of three hundred dollars, of the funds in his hands belonging to the said petitioner, in land for a home for the said petitioner and her family, and the court doth hereby appoint William Gillis Commissioner to hold said land in trust for the said Maria Louisa Mercier and her heirs, and orders that the deed of conveyance for said land, so ordered to be purchased as aforesaid, be made to the said William Gillis, commissioner for the said Maria Louisa Mercier and her heirs, and it is further ordered, that said commissioner report his proceedings in the premises to the next term of this court, and this cause is continued.

The plaintiffs are the children and heirs at law of the said Maria Louisa Mercier, who departed this life before the commencement of this suit. They, however, do not claim as her heirs at law, but by way of remainder in fee under the foregoing deed to commence at her death. The defendant claims as a purchaser by mesne conveyance from the trustee Gillis, who sold the land in dispute in fee at the request of Maria Louisa Mercier. The Circuit Court rendered judgment for the defendant.

1. It is manifest from this record, that the rights of these parties depend upon the proper construction of the trusts declared in the deed from Troost and wife to Gillis, as trustee for Mrs. Mercier. · The decree of the Jackson Circuit Court of September, 1847, is referred to by this deed as declaring the trust upon which Gillis was to hold the land; and the deed must be construed · just as though this decree was copied into it. The reference makes the decree a part of the deed.

The operative words of the decree declaring the trusts are, "The court doth hereby appoint Wm. Gillis commissioner to hold said land in trust for the said Maria Louisa Mercier and her heirs, and orders that the deed of conveyance for said land, so ordered to be purchased as aforesaid, be made to said Wm. Gillis, commissioner, for said Maria Louisa Mercier and her heirs."

At common law a conveyance of lands to a grantee and his heirs creates a fee simple title. The same rule prevails in equity in regard to trusts. There is nothing in the deed to Gillis limiting the trust estate to Mrs. Mercier for life.

The plain language of the decree, which forms a part of the deed and declares the trusts, created a fee simple equitable estate in her; and the sale and conveyance made by Gillis, as trustee, passed the whole title to his grantee.

The point raised and discussed here in regard to the validity of the decree of the Jackson Circuit Court need not be passed on by us. For whether the decree was valid or not, it was assumed to be so by all parties to the deed, and became a part of the deed, and as such it must be looked to as declaring the trusts.

In making the deed the parties might have used language of the same import without reference to the decree, and such language would have received the same construction. The decree, being incorporated into the deed as a part thereof, must necessarily be treated as the act of the parties, precisely the same as any other part of the deed. Troost, by incorporating the decree into this deed, as declaring the trusts, made it his own language for that purpose; and the trustee and

beneficiary in accepting the deed rendered the decree valid as a writing declaring the trust, whether it was valid as a judicial act or not, and the same thing may be said in regard to the decree of 1858, ordering the sale of the land. The beneficiary's consent to the sale without regard to the decree, and the deed of the trustee, were sufficient to pass the whole title.

Judgment affirmed; the other judges concur.