### KINNEY, *Appellant*, v. MATHEWS.

1. **Power of sale in favor of Mother and Children, Defective Execution of.** Several deeds to a woman "and all her children she now has or ever will have," authorized her to sell the land, provided the proceeds should be invested in other land or property to be secured to her and her children. *Held*, that this power of sale did not authorize her to execute a mortgage to secure a loan of money made to enable her to pay the purchase money of a tract of land which had been conveyed to a trustee for her use alone.

2. **Defective Execution of Power of Sale:** EQUITABLE DOCTRINE AS TO EFFECTUATING CONVEYANCES. When a person acts for a valuable consideration, he is understood in equity to engage with the person with whom he is dealing to make the instrument as effectual as he has power to make it. Upon this principle, in a case where a person having a life estate in lands and also a restricted power of sale over the fee, for the purpose of securing a loan of money executed a mortgage purporting to convey the fee, and referring in express terms to the power, but for want of compliance with the restrictions, the mortgage was not a good execution of the power; *Held*, that it was effectual to convey the life estate.

3. **Conveyance to Mother and Children.** A conveyance to a woman "and all her children she now has or ever will have," vests a life estate in the mother with remainder to the children. HENRY, J., dissenting.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

*Comingo & Slover* and *Gates & Wallace* for appellant.

*Gage & Ladd* for respondent.

NAPTON, J.—This case depends upon the construction of three deeds: One, made in 1856, " to Mrs. Fanny A. D. Mathews, and all her children she has now or ever will have," with this additional clause: " But it is distinctly understood if the said Fanny A. D. Mathews may hereafter conclude to sell said land, she is hereby authorized to do so by assigning it, so that the proceeds of said land is to be laid out for other land or property, to be secured to her and her children." The second deed, made also in 1856, grants, bargains and sells to said Fanny A. D. Mathews, " and all her children she now has or ever will have," a tract of land in Jackson county, to have and to hold unto the said Fanny A. D. Mathews, and her children aforesaid, and their heirs; but it is distinctly understood if the said Fanny A. D. Mathews may hereafter conclude to sell the above described tract of land, she is hereby empowered and authorized to do so, by arranging it so that the proceeds of said land are to be laid out for other land or property, to be conveyed so as to put the right and title in the said Fanny and her children." The third deed, made in 1857, contains the same terms of conveyance and power of sale as the second.

In 1866 Mr. James P. Mathews, and his wife, Fanny, executed a mortgage of these lands in Jackson county, conveyed to his wife, as above stated, and also of a part of another tract in which Mrs. Mathews had an unquestioned and unconditional title, to Joseph Kinney, father of the plaintiff, to secure a loan of $7,280, made by Kinney to enable Mrs. Mathews to pay off the purchase money of a tract of land in St. Louis county, conveyed to a trustee for her use. This mortgage referred to the deeds made ten years before, as containing her power to make this disposition of the Jackson county lands. There was a sale

under the mortgage, and, in 1874, the mortgagee conveyed to the plaintiff, his son, as the purchaser at said sale, all the lands described in the three deeds, and in the fourth, wherein the title of Mrs. M. was undisputed, and this eject-ment was brought by said purchaser to recover possession of said lands.

The title to an undivided half of one of the tracts so mortgaged, was conceded to have been in Fanny A. D. Mathews at the date of the mortgage, and plaintiff had a judgment for this interest, but as to the other half of this tract, and the other tracts conveyed in the deeds contain-ing the power of sale above recited, the judgment was for the defendants, upon the ground that the deeds conveying them did not authorize the mortgage to Kinney, and, there-fore, that the plaintiff did not acquire any title by his purchase on their foreclosure.     That the judgment was based on this ground, appears from the instruction which the court gave, which was, in substance, that the deeds from Cogswell and wife, and Quesenbury and wife to Fanny A. D. Mathews, the language of which has been recited above, did not authorize or empower her and her husband to create a lien upon the lands thereby conveyed, and, therefore, said mortgage deed was void, and the sale under it conveyed no title, and that, so far as said lands were con-cerned, the judgment must be for defendant.

In reviewing this judgment the first question is, whether the power of sale, contained in the deeds to Mrs.
1. POWER OF SALE IN FAVOR OF MOTHER AND CHILDREN, DEFEC-TIVE EXECUTION OF. Mathews, authorized the mortgage given, and, upon this question, all the judges are agreed.     Whatever may be the weight of authority upon the question whether a general and unre-stricted power to sell includes a power to mortgage, it is clear that the mortgage in this case was not authorized by the power.     The power to sell was not a general one, but was restricted to a sale in which the proceeds should be invested in other lands or property to be settled for the uses specified in the original conveyance.     The lands could only

be sold or exchanged for lands previously settled or secured to the wife and children. Had the purchase of St. Louis lands been so secured, it might have been held that such a mortgage to secure the payment of the purchase money, would, if not literally, at least substantially, have been a compliance with the restrictions in the original convey-ances. But these lands in St. Louis were conveyed to a trustee for Mrs. Mathews only, and her children were not at all provided for. It is useless, therefore, to examine cases in which it is held that a general power of sale includes a power to mortgage, since, in this case, there was no such general power of sale, and the mortgage given was not to secure a payment upon such an acquisition of title to other lands as was authorized by the deeds to Mrs. Mathews. There was, then, no compliance with the terms of the power in this mortgage deed from Mathews and his wife in 1866. The circuit court, therefore, held that the mort-gage deed was void and conveyed no title.

But it is not clear that, though this deed was not a com-pliance with the power, which it purported to be, it was 2. DEFECTIVE EXE-CUTION OF POWER OF SALE: equita-ble doctrine as to effectuating con-veyances. not still effectual to convey such title as the said Fanny A. D. Mathews had. Indeed, the court seems to have so held, in allowing it to pass the title of Mrs. Mathews, which was undisputed. In *Campbell v. Johnson*, 65 Mo. 440, in which the case of *Owen v. Switzer*, 51 Mo. 322, was overruled, it was held that "when a person acts for a valuable consideration, he is understood in equity to engage with the person with whom he is dealing to make the instrument as effectual as he has power to make it." That case, in its facts, was the con-verse of this, but the principle established in it is equally applicable to this. That was a case in which Mrs. Camp-bell, having only a life estate, with a power to convey in fee, undertook to convey the entire estate, but never re-ferred to the power, and this court held that, as she had the power to do what she intended to do, her conveyance should be held valid for this purpose, although in her deed

no reference was made to the power. In the present case the power to convey the whole estate is expressly referred to, and the conveyance purports to be made by virtue of this power, but the power clearly did not authorize the conveyance; the grantor, however, had an interest which she could convey, and it would seem to follow from our decision in the case of *Campbell v. Johnson*, based as it was on the judgment in *Sir Edward Clere's case*, that a conveyance of such title, as the grantor held, ought to be upheld.

This renders it necessary to determine what interest Mrs. Mathews had, and upon this point it must be conceded that there is room for doubt. At the date of the conveyance to her, she had three children; at the date of the mortgage, in 1866, she had had seven, though two of them were dead. The question is, what interest she had at the date of the conveyance to her, and her children then born, and those afterwards to be born. A tenancy in common, could certainly not be claimed, except we reject the clause in the deeds which expressly includes future-born children. They were not *in esse*, and could not take in fee simple. In *Jeffery v. De Vitre*, 24 Beav. 296, there was a devise to Louisa Jessie, wife of James Remington, "for the benefit of herself and such children as she then had or might thereafter have by her then husband," and the question before the Master of the Rolls was, whether this devise was not a joint tenancy in her four children and herself, upon which the Master of the Rolls said, "that the natural construction was to let in the after-born children, which can only be accomplished by giving a life interest to the mother, with the remainder to her children by James Remington." This is exactly the present case, except that the one quoted was a case of a will, and the case we have before us was of a deed; but there is nothing to distinguish the principle decided from that involved in the present. In *Armstrong v. Armstrong*, 7 Eq. Cas. 518, the will gave all the estate to the wife of the testator, for the benefit of herself and children, and it

<p style="margin-left:2em">3 CONVEYANCE TO MOTHER AND CHILDREN.</p>

was held that the wife took an estate for life and the children took as joint tenants. In *Froggatt v. Wardell*, 3 De Gex & S. 685, the bequest was to the daughter and her children, and it was held that the daughter was entitled to a life interest and the children to the remainder, including children not born at the time of the will. In *Carr v. Estill*, 16 B. Mon. 312, there was a devise to a young woman, unmarried at the time, and her children, and this was held to give her an estate for life with remainder to her children. The only difficulty which the Kentucky judges seem to have had, was in deciding according to the English cases, that the estate created was a tenancy in tail, which was converted into an estate in fee simple by the statutes of that State; but as such a construction would entirely cut out the interests of the after-born children, it was rejected, and I think properly. The remarks of the court in this case are not inappropriate to the present, and I will, therefore, quote them: "It has been observed that the words of the devise, abstractly and literally, import an immediate gift, not only to the devisee in being, but to those not in being. But there being no children *in esse* at the time of the devise, it could not have been the intention to give an immediate estate to them, for that would be impossible. And as the words of the devise, as conceded by all the authorities, manifest a clear intent, that the children shall take, the only consistent and natural construction is, that the testator intended the devisee in being at the time, should take a life estate, remainder to the children."

In the case we have before us there were children in existence at the time of the deed, but the deed expressly included after-born children. It is clear that no tenancy in common was created, because the after-born children could not take as tenants in common under such a conveyance, and the after-born children were expressly provided for in the conveyance we have referred to. It must have been, therefore, an estate tail, or a title to the wife for life, with remainder to her children. I see no objection to

our following the English cases on this point, which clearly point out the wife as the tenant for life, and her children as invested with the remainder. And this is in conformity with the decision of the Pennsylvania court in *White v. Williamson* 2 Grant's cases 249. That was the case of a deed. The court observes: "The presumption always is in cases of conveyances by will or deed, from an ancestor to his descendants, which are gifts, not sales, that they were made in view of the intestate laws, and consequently, those nearest in kin are to be preferred unless the words of the will or gift forbid such a construction. Peter Horbach gave the money for Mrs. Weaver and her children. The title to the land follows the money that purchased it. We, think, therefore, that under the gift of her father and the original declaration of trust by Jacob Weaver, Mrs. Weaver took a life estate in one moiety of the land, with remainder to all her children then born, and that might thereafter be born." The deed in that case was "for the use of the wife and children," and that was held to be a conveyance of a life estate to the wife, with remainder to her children, embracing those *in esse*, and those thereafter born. In *Coursey v. Davis*, 46 Pa. St. 26, the conveyance was to a married woman "and her children exclusively, and their heirs and assigns." That was held to convey a life estate to the wife, with remainder in fee to her children, as a class, so that those in being at the date of the deed, as well as those subsequently born, would be entitled to take on the termination of the life estate.

In the case we have for consideration there is no necessity for resorting to implications, as the deed expressly provides for after-born children, and as they could not take a tenancy in common with the mother, not being in being at the time, there is no room for construing the deed otherwise than an estate tail, or a creation of a life estate in the mother with remainder to the children. There were no words used in the conveyance to make it an estate tail, since our statute only provides for the omission of the

word " heirs " in fee simple conveyances, and did not make any provision for the omission of the words " heirs of the body " in estates tail. To construe it, therefore, as a conveyance to the wife of an estate for life with remainder to the children, carries out the intent of the grantor. See *Blake and Wife v. Stone,* 27 Vt. 475. In *Mercier v. Mo. R., F. S. & G. R. R. Co.,* 54 Mo. 506, the point was discussed but not decided. In *Hall v. Stephens,* 65 Mo. 67, the conveyance was to the father and his family, an essentially different case from the present, as the wife had an estate for life. The judgment of the circuit court is, therefore, reversed and the case remanded. Judge HENRY dissents; Judges HOUGH and NORTON concur.

REVERSED.

HENRY, J.. DISSENTING.—I do not concur in the opinion of the majority of my associates. The only estate which would have passed by the deed to Mrs. Mathews and her children, at common law, was an estate for life, whether to her solely or to her and her children, I express no opinion. The word " heirs " was essential to create an estate of inheritance in a common law conveyance. No equivalent term would answer.

The second section of our act in relation to uses and trusts, (2 Wag. Stat., 1351,) provides that "the term heirs or other words of inheritance, shall not be necessary to create or convey an estate in fee simple." But that section does not dispense with the use of the term " heirs " in a conveyance intended to create an estate-tail. If it had, the conveyance in question would have created a fee-tail estate, and in that event Mrs. Mathews, under the fourth section of the act, would have taken an estate for life, and the remainder would have passed in fee simple absolute to her eldest child. The statute abolishes fee-tail estates, only by limiting the estate of the first taker to an estate for life, and creating a remainder in fee simple absolute in the person to whom the estate-tail would, on the death of the first

grantee, devise or devisee in tail, have first passed accord-
ing to the course of the common law.    But the estate-tail
must first be created.    As the conveyance in question is
not such as at common law would have created an estate-
tail, but only an estate for life, and there is no section of
our statutes declaring what estate either Mrs. Mathews or
her children take under the deed, it must be construed as
at common law, except to the extent that the latter clause
of section 2, *supra*, affects it.    That clause provides that all
of the interest of the grantor shall pass, unless a contrary
intent, expressly or by necessary implication, appear.    The
fee simple then passed by consequence.    To whom?  clearly
to Mrs. Mathews and her children, or to Mrs. Mathews.
There is not a syllable in the deed indicating that she was
to have a less estate than her children, and because the con-
veyance is not only to children *in esse*, but also to any that
Mrs. Mathews might bear, it is concluded that she took
but a life estate in the lands.    There is no principle of the
common law, nor any section of our statutes, which limits
her interest to a life estate.

The cases cited, arising under wills, are not applicable.
A different rule in this respect has always been recognized
as applicable to devises.    The word " heirs" is not neces-
sary in a devise to create an estate of inheritance.    Equiv-
alent words will answer.    Effect is given to the manifest
intent of the testator, and the arbitrary rules governing
common law conveyances never obtained in the construc-
tion of wills.    I am satisfied that Mrs. Mathews had a fee
simple estate in the land, whether solely or in common, or
jointly with her children, I have not thought it necessary
to inquire, since the majority of the court has decided that
she had but a life estate.    I cannot see that any greater
violence is done to the grantor's intention by a construction
which gives Mrs. Mathews a fee simple estate, with no
vested estate in the children, than by a construction which
limits hers to an estate for life, and gives the children a
vested fee simple in remainder.    It is evident from the

terms of the deed that no such purpose was in the grantor's mind, and to give that construction to the deed is to make a conveyance for him entirely different in its provisions from the one he thought he was making.    The provision for unborn children makes a difficulty, but does not justify this court in making a deed for the grantor.    The simplest way of giving effect to the deed, and the one most in accordance with the grantor's intention, is to hold that, under the statute, all of the estate of the grantor passed and vested in Mrs. Mathews and her children then living. Expressing no opinion, however, except that Mrs. Mathews acquired by the deed a fee simple estate, I make the above suggestions to meet the view that in no other way can effect be given to the deed than to hold as the majority of the court has determined.

SHERWOOD, C. J., expressed no opinion.