Rines v. Mansfield.

NORTON, C. J., concurs in all the paragraphs of this opinion except the last. BLACK and BRACE, JJ., concur; RAY, J., absent.

———————

RINES v. MANSFIELD *et al.*, *Appellants.*

1. **Deeds:** CONSTRUCTION OF. The granting clause of a deed was to M., " her children and assigns ; " the *habendum* and the warranty were to M., " her heirs and assigns." M. had eight children living at the date of the deed. *Held* that M. took the fee and not as tenant in common with her children.

2. ———: ———: HABENDUM LIMITING A GRANT. While the *habendum* clause in a deed cannot be used to defeat a grant, it may be used to explain or qualify it and to define the interest granted, if it has not already been defined.

3. **Married Woman:** NOTE : DEED OF TRUST. While the act of a married woman, who, in conjunction with her husband, signs a note and executes a deed of trust, to secure the same, on her land, not being a part of her separate estate, is not valid and binding on her as to the note, it does not follow that the mortgage is invalid. (*Hagerman v. Sutton,* 91 Mo. 519).

4. ———: MORTGAGE OF LAND NOT HER SEPARATE ESTATE. It is competent for a married woman to so mortgage her land of which she is not seized as her separate estate. (*Ibid*).

5. **Ejectment:** LIMITATIONS. An action of ejectment brought within ten years after the last payment on the note secured by the deed of trust under which plaintiff bought, and within ten years after the sale, is not barred by the statute of limitations.

6. ———: MONTHLY RENTS AND PROFITS. Where it is shown, in an action of ejectment, that the land in controversy is in cultivation, it cannot be said there is no evidence upon which to base a finding as to the value of the monthly rents and profits.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Ira Hall* for appellants.

(1) The deed from Pearson, introduced by plaintiff as part of his chain of title, showed title in Elizabeth Mansfield and her chil dren, if not as joint tenants, then as tenants in common, and to her for her life only. *Hall v. Stevens*, 65 Mo. 670 ; *Kinney v. Mathews*, 69 Mo. 520 ; *Smith v. Shell*, 82 Mo. 215. (2) A deed is to be given effect according to the intent apparent from the whole instrument. The intent governs. And that is clear. The grant and warranty are to Elizabeth Mansfield and her children. *Gibson v. Bogy*, 28 Mo. 478 ; *Jennings v. Brizadine*, 44 Mo. 332 ; *Long v. Wagoner*, 47 Mo. 177 ; *Jamison v. Fopiano*, 48 Mo. 194. The *habendum*, being to her and "her heirs," instead of "her children," was evidently an inadvertence of the scrivener. But the *habendum* is no essential part of the deed, and may be rejected if repugnant to other parts. *Major v. Buckley*, 51 Mo. 227. (3) Nothing was conveyed by the deed of trust. R. C. Mansfield was alone the grantor therein. Elizabeth Mansfield should have been a party in the granting clause in order to convey any interest in the land. R. S., sec. 3295 ; *Silvey v. Summer*, 61 Mo. 253 ; *Whitely v. Stewart*, 63 Mo. 360. (4) Were Mrs. Mansfield a party to the grant in the deed of trust, the note described therein is void as to her, and the agreement in said deed of trust, that a sale might be had on default, is executory, and also void as to her, and the attempted foreclosure by sale is void, and plaintiff got nothing by his trustee's deed. Foreclosure could only be had by suit in equity, if at all. *Bauer v. Bauer*, 49 Mo. 61 ; Jones on Mor. [2 Ed.] sec. 110 ; *Pemberton v. Johnson*, 46 Mo. 342 ; *Barker v. Circle*, 60 Mo. 258. (5) The lien of the deed of trust, if any, was created by it, and any rights acquired by plaintiff under it, were barred by the statute of limitations, more than ten

years having elapsed from the maturity of the note to the bringing of this suit. *Bush v. White*, 85 Mo. 340. (6) The note being void as to her (Elizabeth M.), there could be no privity or agency betwixt her and the other parties to it, in making of payments. *Smith's Adm'r v. Irwin*, 37 Mo. 174; *Zoll v. Carnahan*, 83 Mo. 43; *Bartlett v. O'Donahue*, 72 Mo. 563; *Goff v. Roberts*, 72 Mo. 570.

*George Robertson* for respondent.

(1) The deed of trust made by the defendants R. C. and Elizabeth Mansfield to Duncan, trustee, was valid and operated to convey the wife's interest as well as the husband's. *Hagerman v. Sutton*, 91 Mo. 519; *Thornton v. Bank*, 71 Mo. 221; *Morrison v. McKee*, 11 Mo. App. 594. (2) "The courts will look at the whole instrument and if it is apparent that the language and terms made use of were not used according to their true definitions, that meaning will be given them that was intended." Bishop on Cont. sec. 404. And "children," has been rendered "heirs" contrary to the legal sense. Bishop on Cont. *supra*, and authorities cited. The courts will not construe clauses in the order in which they appear in a conveyance or contract. As they are all simultaneously executed they will all be construed together and as one act. Bishop on Cont. sec. 389. (3) While it is said in *Major v. Buckley*, 51 Mo. 227, that the *habendum* clause must give way when it is repugnant to other controlling clauses in a deed, that is on account of such repugnancy and nothing else, in *Green v. Sutton*, 50 Mo. 186, it is held that when there be inconsistent provisions then the words of the *habendum* will have a controlling significance. This is in harmony with the doctrine that, when possible, every word and clause should have assigned to it some meaning. Bishop on Cont. sec. 384, *et seq.* (4) Mrs. Elizabeth Mansfield was a party in the granting clause of the deed of trust.

It recites, "Robert C. Mansfield and Elizabeth Mansfield, his wife, * * * party of the first part," and consequently a party to the conveyance. *Hagerman v. Sutton, supra.* (5) The evidence as to the rents and profits not having been preserved, this court will assume that the judgment thereon was warranted. *State v. Brown,* 75 Mo. 317 ; *Dalby v. Snuffer,* 57 Mo. 294.

NORTON, C. J.—This is a petition in ejectment, filed August 27, 1885, to recover possession of the southeast quarter of the southeast quarter of section 19, township 51, range 8, in Audrain county. The answer admits that Elizabeth Mansfield is in possession of the land, and denies all other allegations of the petition. On the trial, the suit was dismissed as to Edward Mansfield, and judgment rendered in favor of plaintiff as against remaining defendants for possession, one dollar damages and $8.25 for monthly rents and profits. From this judgment the defendants have appealed.

On the trial, in support of his title, plaintiff put in evidence a certified copy of the United States land entries, showing that Richmond Pearson entered the land in question. Also the following deed from said Pearson and wife, conveying said land, viz. : "This indenture, made this twenty-fifth day of January, in the year of our Lord one thousand eight hundred and fifty-two, between Richmond Pearson and Elizabeth A., his wife, of the county of Audrain and state of Missouri, of the one part, and Elizabeth S. Mansfield, of the county and state aforesaid, of the other part, witnesseth : That the said Richmond Pearson and Elizabeth A., his wife, for and in consideration of the sum of sixty dollars to them in hand paid, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, convey and confirm unto the said Elizabeth S. Mansfield, his children and assigns forever, all that tract or parcel of land situated, and being in the county of Audrain, in the

state of Missouri, known as the southeast quarter of the southeast quarter of section number 19, township 51, range number 8, west, together with all and singular the appurtenances thereunto belonging or in any wise appertaining, to have and to hold the above described premises unto the said Elizabeth S. Mansfield, his heirs and assigns forever. And the said Richmond Pearson and Elizabeth, his wife, the aforesaid premises unto the said Elizabeth S. Mansfield, his children and assigns, against the claim or claims of all and every person whomsoever, do and will warrant and forever defend, by these presents."

Plaintiff also put in evidence a deed of trust, dated the fifth of January, 1870, executed by Robert C. Mansfield and Elizabeth Mansfield, as party of the first part, conveying the land in question to M. Y. Duncan, party of the second part, as trustee of a certain note, given to S. M. Edwards by said R. C. Mansfield and Elizabeth Mansfield, and William C. Mansfield, for the sum of five hundred dollars, payable in one year, with ten per cent. interest. It is provided in said deed, that if default be made in the payment of said note, said Duncan might sell the premises conveyed at public sale, first giving twenty days notice of the time, place and terms of sale.

Plaintiff also put in evidence a trustee's deed, made by said Duncan in pursuance of a sale made on the eighth of February, 1878, reciting default in payment of said note, twenty days notice, and sale of land to plaintiff Rines for fifty dollars. Duncan, the trustee, testified that he executed the deed to Rines; that in making said sale, he complied with the terms of the deed of trust, and that the deed was made in pursuance of said sale.

Plaintiff, in his own behalf, testified that he bought the note, secured by the deed of trust, of Edwards; that the interest thereon had been paid regularly up to 1877; that the interest was sometimes paid by R. C.

Mansfield, and when he did not pay it, W. C. Mansfield did. Wm. C. Mansfield testified that he paid the interest on the note up to 1876, that neither Elizabeth nor Robert Mansfield paid any interest. It was also shown by the evidence that Elizabeth Mansfield, in 1852, when she received the deed from Pearson and wife, had eight children.

The first and most important question arising on the record is: What estate did Elizabeth Mansfield take under the deed of Pearson and wife to her? It is insisted by plaintiff that she took the fee, and by defendants, that she only took as tenant in common with her children. In construing the deed, it must be looked at as an entirety, and effect given to the intention of the grantor if it can be thus ascertained. The deed first names as grantors Pearson and wife as the party of the first part and Elizabeth Mansfield as the other party; it then "grants, bargains and sells," etc., to Elizabeth Mansfield, her children and assigns forever (not *their* assigns) the property in question with *habendum* to have and to hold the same unto the said Elizabeth, her heirs and assigns forever. Then follows the warranty to said Elizabeth, her children and assigns. Considering these inconsistent clauses in the deed, in the light of the fact disclosed by the evidence that said Elizabeth had eight children when it was executed, all of whose names could have been inserted in the deed if it was intended that they should take as tenants in common with the mother, and in the light of the fact that she was, in the *habendum* clause, to have and to hold the premises conveyed to her and to her heirs, we are justified in concluding that the word children in the granting clause was used in the sense of the heirs. While the *habendum* clause in a deed cannot be used to defeat a grant, it may be used to explain or qualify it, and to define the interest granted, if it has not already been defined. *Warne v. Brown*, 102 Pa. St. 347. In case of *Green v. Sutton*, 50 Mo. at p. 192, it is said, if in a deed,

Rines v. Mansfield.

"there be inconsistent provisions, some indicating a power of absolute disposal, which can only be had by the holder of the fee, and others creating a remainder which supposes a life estate, then the words of the *habendum* should have a controlling significance."

It is further insisted that the deed of trust is void as to Elizabeth Mansfield, though she joined her husband in executing it, and she and her husband are described therein as the party of the first part making the grant. This objection is fully answered by the case of *Hagerman v. Sutton*, 91 Mo. 519. The above case also answers the further objection made by defendant to the effect, that, as the note signed by Mrs. Mansfield was void as to her, the deed of trust given to secure it was also void, notwithstanding the fact that the note was valid as to R. C. Mansfield and W. C. Mansfield, who also signed it.

The point made that plaintiff's action was barred by the statute of limitations is without merit. The suit was brought within ten years after the last payment was made on the note secured by the deed of trust, and within ten years after the premises were sold under it, at which sale plaintiff became the purchaser.

As to the claim made that there was no evidence as to the monthly value of the rents and profits, it may be said that the evidence shows that the land was in cultivation, and we cannot therefore say that there was no evidence upon which to base the finding of $8.25, as the monthly value of the rents and profits.

We see nothing in the record justifying an interference with the judgment, and it is hereby affirmed. All concur except RAY, J., absent.