TYGARD, Executor, v. HARTWELL, Appellant.

Division One, May 29, 1907.

1. **CONVEYANCES: Obscure Deed.** In construing a deed bearing on its face evidences of a lack of learning in the writer, the court will not strictly apply the technical meaning of technical words, but, recognizing its unskillful source, will aim to gather its dominant intention from the inartificial terms used. Still the court must take the deed as it finds it; it cannot reconstruct it, or give it a meaning different from what appears on its face.

2. ———: **To James and His Children.** The deed conveyed land to "James F. White, his children and assigns forever," and three times repeated those words, but had no *habendum* clause. At that time James had two children living. *Held,* first, that the court cannot construe the word "children" to mean heirs, for that would be to give the word no effect, and to resort to conjecture as to what the grantor meant; *second,* it would be a strained construction to hold that the grantor intended to convey the land to James and his children as tenants in common; *third,* the deed does not create an estate in fee tail, because it uses no words of inheritance; *fourth,* the deed, according to the common law, conveyed a life estate to James, the fee remaining in the grantor, but the statute (sec. 4590, R. S. 1899) gives it the effect it would have had at common law if words of inheritance had been used, that is, the fee simple title went to James.

3. ———: **Fee Tail: Words of Inheritance.** Words of inheritance are still essential to the creation of an estate in fee tail. They are essential at common law, and the statute dispensing with the necessity of the word "heirs" or other words of inheritance, applies only to the creation of estates in fee simple. However, where the deed conveys a life estate and nothing more, and fails for lack of words of inheritance to create a fee tail, the statute enlarges the life estate into a fee simple.

4. ———: **Cotenancy: Unborn Child.** Unborn children cannot be made tenants in common in an estate presently created. A deed cannot create an estate in cotenancy between a named person and his children now born and his children to be born.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*P. H. Holcomb* for appellant.

(1) The deed made June 5, 1857, is to be construed in the light of the statutes of 1855, chapter 32, section 5, and similar statutes down to the present time. R. S. 1899, sec. 4592. Appellant contends that the words "children and assigns," used in the deed, are words of procreation, intended to be used in that sense, and that the statutes above cited would vest a life estate only in James F. White, remainder in fee to his children. Kinney v. Matthews, 69 Mo. 520; Bone v. Tyrrell, 113 Mo. 175; Reed v. Lane, 122 Mo. 314; Hunter v. Patterson, 142 Mo. 310; Clarkson v. Clarkson, 125 Mo. 381; Rawles v. Johns, 32 S. E. 451; Mason v. Ammon, 117 Pa. St. 127. Estates tail, how created. Farrar v. Christy, 24 Mo. 468. (2) The White deed uses the word "children" instead of the word "heirs," and it is evident from reading the whole deed that only a life estate was vested in James F., the father, remainder in fee to the children, or at best the children were to have an equal interest with him in fee. The whole deed must be construed together, and so construing it it is evident that it was intended that the father should have a less estate than a fee, clearly only a life estate. McCullock v. Holmes, 111 Mo. 445; Kinney v. Mathews, 69 Mo. 520; Waddell v. Waddell, 99 Mo. 338; Fanning v. Doan, 128 Mo. 323. If from the whole deed it is apparent that there was an intention to pass a less estate than a fee, such intention must govern. Davidson v. Manson, 146 Mo. 608; McCullock v. Holmes, 111 Mo. 448; Chew v. Kellar, 100 Mo. 362; Hunter v. Patterson, 142 Mo. 310; Lewis v. Pitman, 101 Mo. 281; Mercier v. Land Co., 72 Mo. 494. The predominating idea in the White deed appears to have been the children of James F. White. Then the deed should be so construed as to vest an interest in them which courts will protect. Long v. Timms, 107 Mo. 519; Ringquist v. Young, 112 Mo. 25. (3) But if this deed cannot be construed as

creating an estate tail, there certainly cannot be the least difficulty in construing it to be a deed to James F. White and his two children, making all three to be tenants in common of an equal fee in the land. The deed, in its essential clauses, is to him and his children and their assigns. In Rines v. Mansfield, 96 Mo. 394, the conveyance was not to children and their assigns, but to assigns; and this distinction was carefully noted by Justice NORTON on page 399; and, further, in the *habendum* clause, it was "unto said E., her heirs and assigns forever." Not so in this White deed. The distinction is clear. Fanning v. Doan, 128 Mo. 323; Waddell v. Waddell, 99 Mo. 338; Ringquist v. Young, 112 Mo. 25.

*Francisco & Clark* for respondent.

(1) We maintain that this deed does not come within the provisions of section 5 of chapter 32, Revised Statutes 1855 (R. S. 1899, sec. 4592) as is contended by appellant, and that it falls within the provisions of section 2 of the same chapter (R. S. 1899, sec. 4590) and must be construed in accordance therewith. This section has come down to us from 1835 unchanged and is a landmark among our laws of construction. Under its provision the term "heirs," or other words of inheritance, are no longer necessary to create a fee simple title, and every conveyance must pass all the estate of the grantor unless the intent to pass a less estate shall appear by express terms or be necessarily implied in the terms of the grant. We maintain that there are no "express terms" in this deed that indicate an intention to pass a limited estate, and that there is nothing in the deed from which such an intention can be "necessarily implied." And, hence, that if this statute (sec. 4590) is to be given effect at all, this deed must be construed to pass the fee simple title. McCullock v. Haines, 111 Mo. 445. (2) It is apparent

from an examination of the deed that the word "children" is used through mistake of the scrivener and that the word "heirs" was intended, and this intention of the parties should be given effect by this court. Rines v. Mansfield, 96 Mo. 394; Green v. Sutton, 50 Mo. 192; Waddell v. Waddell, 99 Mo. 345; Martin v. Jones, 62 Ohio St. 525. (3) The word "heirs" is not necessary to a fee simple estate. The presence of the word adds nothing and its absence detracts nothing in this direction. Davidson v. Manson, 146 Mo. 608; Bean v. Kenmuir, 86 Mo. 671; Rines v. Mansfield, 96 Mo. 399. (4) This deed does not contain apt words for the creation of an estate tail. The words "heirs of the body" or their equivalent are and always have been essential. And they are used in every conveyance cited by appellant, or that can be found in this State, where a life estate has been sustained, except in a few cases where the grant is expressed to be for the "life" or for the "natural life" of the immediate grantee. Bone v. Tyrrell, 113 Mo. 175; Hunter v. Paterson, 142 Mo. 1. c. 313; McCullock v. Holmes, 111 Mo. 447; Ringquist v. Young, 112 Mo. 30; Reed v. Lane, 122 Mo. 313; Utter v. Sidman, 170 Mo. 284; Clarkson v. Clarkson, 125 Mo. 381; Davidson v. Manson, 146 Mo. 608; Fanning v. Doan, 128 Mo. 323.

VALLIANT, P. J.—Plaintiff sues to quiet title to certain land in Bates county to-wit: East one-half of southeast one-fourth of section 13, township 40, range 30, and southwest one-fourth of southwest one-fourth of section 18, township 40, range 29, 120 acres. Defendant disclaims any title to the north one-half of the east one-half of the southeast one-fourth of section 13, but does claim fee simple title to an undivided half of the rest of the land, subject to the life estate of James F. White, now living.

Martin White is the common source of title; by

deed executed June 5, 1857, he conveyed a title to the land to James F. White and this plaintiff now holds by mesne conveyances that title, whatever it may be.

James F. White had two children at the date of the deed, one of whom, Martin S. White, has conveyed whatever interest he had in the land to the defendant. That interest is claimed to be an undivided half of the remainder in fee on the termination of what is claimed to be the estate for the life of James F. White.

The whole controversy is concentrated in the construction to be given to the above-mentioned deed from Martin White to James F. White; on the part of the plaintiff it is contended that the effect of that deed was to convey to James F. White a fee simple title; on the part of the defendant the contention is that it created what by the common law and the Statute *de donis* would be a fee tail, which by virtue of our statute results in a life estate to James F. White with remainder in fee to his children, or if not that, then the deed created a tenancy in common in fee to James F. White and his children. The following is a copy of the deed in question:

"This indenture made and entered into the fifth day of June, eighteen hundred and fifty-seven, between Martin White of the first part and James F. White of the second part, both of Bates county, Missouri, witnesseth:

"That the party of the first part has this day bargained and sold unto the party of the second part, and by these presents do bargain and sell unto the party of the second part, his children and assigns forever all of my interest in and to the following described lot or parcel of land situated, lying and being in Bates county, Missouri, as follows, to-wit: [describing the land in suit with other land], containing in all four hundred and forty acres, and have received in hand paid the sum of one thousand dollars, the receipt whereof is

hereby acknowledged by the party of the first part do hereby sell and convey unto James F. White, party of the second part, for the sum aforesaid, all my right and interest and title with all and singular thereunto belonging or any wise appertaining to the aforesaid land, and that the party of the first part have good right to sell and convey his title in the above described land unto the aforesaid parties of the second parts his children and their assigns forever and that the said Martin White, party of the first part will warrant and forever defend against the claims of himself, his heirs and assigns forever, and against the lawful claims of any and all persons whomsoever unto the foregoing described land unto James F. White, his children and their assigns forever. In testimony whereof, I have hereunto set my name and fixed my seal the day and date above written.

"MARTIN WHITE (SEAL.)"

The trial court construed the deed to be a conveyance of the land in fee simple to James F. White and accordingly rendered judgment that the title in fee was vested in the plaintiff for the use of the estate of Branham Hill, that Martin S. White, the defendant's grantor, took no title under the deed and therefore defendant had no interest in the land. From that judgment the defendant appealed.

The deed is the product of a mind of little education in the science of conveyancing; its meaning is not clear. In construing a deed bearing on its face evidence of the lack of learning in the writer we should not be very strict in applying the technical meanings of technical words, but, recognizing its unskillful source, our aim should be to gather the dominant intention as best we may from the inartificial terms used. Nevertheless, after making all due allowances for the lack of skill, and applying the rules of construction with as much concession as possible, still we must take the deed as

we find it, we cannot reconstruct it or give it an effect different from what appears on its face. This court has had its full share of cases requiring the interpretation of deeds of obscure meaning, as will appear by reference to the lists of cases cited in the briefs on both sides of this case. But after going through those cases we find not much to aid us in the interpretation of this deed, because this differs so materially from any of the deeds in those cases construed.

It is contended on the part of the plaintiff that the word "children" which is used in three places in this deed is used as meaning heirs. But if an interpretation of the deed in plaintiff's favor depended on construing the word children to mean heirs we think he would have a difficult position to maintain.

In Rines v. Mansfield, 96 Mo. 394, the court construed the word "children" in the granting clause of a deed to mean heirs, but it did so for the reason that the *habendum* clause forced that construction.

In the deed before us there is no *habendum* clause nor is there anything in the deed to indicate that the word children therein used was intended to have any other than its common meaning. If words are so used in the deed as to have no effect a court cannot reconstruct the instrument so as to put into effect what it may conjecture was the purpose of the grantor.

It would be a very strained construction to say that it was the intention of the parties to this deed to convey the land to James F. White and his children as tenants in common. If such had been the intention the natural course would have been to have inserted the names of the two children then living in the granting clause of the deed as grantees. If it was the intention to include not only those then in being but those thereafter to be born, then the idea of a tenancy in common must be excluded because the unborn children could not be made tenants in common in an estate presently

created. [Kinney v. Mathews, 69 Mo. 520; Rines v. Mansfield, *supra.*]

Nor does the deed create an estate in fee tail, because words of inheritance are not used. Words of inheritance were as essential at common law in the creation of an estate in fee tail, as they were in the creation of an estate in fee simple. The statute, section 4590, Revised Statutes 1899, dispensing with the necessity of using the word "heirs" or other words of inheritance, applies only to the creation of estates in fee simple. [Kinney v. Mathews, 69 Mo. 520.] Our statutes abolishing entails and the rule in Shelley's case, sections 4592 and 4594, Revised Statutes 1899, refer to common law estates. Blackstone says: "As the word *heirs* is necessary to create a fee, so in further limitation of the strictness of the feodal donation, the word *body,* or some other words of procreation, are necessary to make it a fee tail, and ascertain to what heirs in particular the fee is limited. If, therefore, either the words of inheritance, or words of procreation, be omitted, albeit the others are inserted in the grant, this will not make an estate tail. As, if the grant be to a man and the *issue of his body,* to a man and his *seed,* to a man and his *children,* or *offspring;* all of these are only estates for life, there wanting the words of inheritance." [2 Black. Com., p. 115.]

This deed is exactly within the terms of the text just quoted, "to the man and his children," and according to Blackstone its common law effect was to create a life estate only; the words "and his children" in that connection mean nothing, they are words of procreation, but not words of inheritance, and the lawwriter says there must be both words of procreation and words of inheritance to create an estate tail.

There are no words in the deed to signify a life estate and a remainder; therefore, independent of what is claimed by appellant to be words creating an estate

in tail, there is no room for a contention that the deed created a remainder in the children.

Measured by the rules of the common law as above quoted this deed would convey only a life estate to James F. White, the fee remaining in the grantor, but our statute (section 4590) comes into force and gives the deed the effect it would have had at common law if words of inheritance had been added. We construe the deed to convey the title to James F. White in fee simple.

The judgment is affirmed. All concur, except *Graves, J.*, not sitting.