JOHN A. TRIPLETT v. MARTIN E. TRIPLETT ET AL., Appellant.—60 S. W. (2d) 13.

Division Two, April 20, 1933.

*Jno. D. Taylor* for appellants.

*Ray Crow* and *Percival Birch* for respondent.

TIPTON, J.—This case comes to the writer on reassignment. It is an action to determine the title to real estate in Chariton County, Missouri. The following deed was introduced in evidence:

"THIS INDENTURE, made on the 1st day of May A. D. One Thousand Eight Hundred and Ninety, by and between John E. M. Triplett and Nancy Triplett, of Chariton County, Missouri, par-

ties of the first part, and John A. Triplett and his heirs of the County of Chariton in the State of Missouri party of the second part:

"WITNESSETH, That the said parties of the first part, in consideration of the sum of Thirty-Five Hundred—DOLLARS to him paid by the said parties of the second part, the receipt of which is hereby acknowedged, doth by these presents GRANT, BARGAIN AND SELL, CONVEY AND CONFIRM, unto the said parties of the second part, his heirs and assigns, the following described lots, tracts, or parcels of land, lying, being and situate in the County of Chariton and State of Missouri, to-wit: ALL—(description omitted).

"To have and to hold the above expressed to him and his heirs the power to sell the above tracts being prohibited until his heirs are Twenty-one years of age.

"TO HAVE AND TO HOLD the premises aforesaid, with all and singular the right, privileges, purtenances and immunities thereto belonging or in anywise appertaining, unto the said parties of the second part, and unto his heirs and assigns, forever; the said John E. M. Triplett and Nancy Triplett hereby covenanting that they—lawfully seized of an indefeasible estate in fee in the premises herein conveyed, that they have good right to convey the same; that the said premises are free and clear of any incumbrances done or suffered by them or those under whom they claim and that they will warrant and defend the title to the said premises unto the said parties of the second part, and unto—heirs and assigns, forever, against the lawful claims and demands of all persons whomsoever.

"IN WITNESS WHEREOF, The said part—of the first part have hereunto set our hands and seals the day and year first above written.

"Signed, Sealed and Delivered in Presence of
　　　　　　　　　　　"JOHN E. M. TRIPLETT, 　(SEAL)
　　　　　　　　　　　"NANCY TRIPLETT, 　(SEAL)

"The said deed showed that it was duly acknowledged on the 21st day of August, 1890, and was filed for record and recorded in the office of the Recorder of Deeds of Chariton County, Missouri, on the 27th day of August, 1890."

There was no other evidence introduced in the case, but the following agreed statement of facts was used in lieu thereof:

"IT IS AGREED between the parties, plaintiff and defendants, that the title to the real estate involved in this litigation emanated from the United States Government more than ten years before the institution of this suit.

"It is agreed that John E. M. Triplett is the common source of title, and in introducing record evidence in this cause the deed from John E. M. Triplett and wife to John A. Triplett and his heirs, dated May 1st, 1890, need be the only deed introduced in evidence.

"That John A. Triplett has been in the peaceable, continuous possession of the property in question since the deed dated May 1, 1890, and has paid all taxes.

"It is agreed between the parties hereto and their respective attorneys that on the 1st day of May, 1890, John A. Triplett, the plaintiff herein, was single and unmarried, and that he had no heirs of his body at that time; that the conveyance made on said day from John E. M. Triplett and Nancy Triplett to John A. Triplett and his heirs, reciting a consideration of thirty-five hundred dollars ($3500), was made to him in the distribution of the estate of his father, John E. M. Triplett, and that the said John A. Triplett paid no cash amount to the said John E. M. Triplett or Nancy Triplett for said conveyance; that at said time, the defendant, Martin E. Triplett, was not in being, and that the defendant, Mabel Triplett, was not the wife of the said Martin E. Triplett; that Martin E. Triplett, the defendant, is the only child of John A. Triplett and is now over the age of twenty-one (21) years; that this agreed statement of facts shall be considered as evidence in the trial of this cause, and the things herein agreed upon shall be given the same force and effect as if the same had been introduced under oath."

The trial court entered a judgment decreeing to the respondent the fee simple title to the land conveyed by this deed. This cause was properly appealed to this court.

It is well settled in this State that the rule to be observed in the construction of deeds, as well as wills, is to ascertain the intention of the grantor, and to give effect to such intention, unless it conflicts with some positive rule of law. It is necessary to take the deed as a whole in arriving at such intention and not to give any clause in the instrument undue preference. It is our duty in construing the deed to give it effect and to carry out the intention of its maker. We, therefore, look to the deed in this case to find the grantor's meaning and intention as therein expressed. [Eckle v. Ryland, 256 Mo. 424, 165 S. W. 1035; Welch v. Finley, 281 Mo. 684, 219 S. W. 897; McAlister v. Pritchard, 287 Mo. 494, 230 S. W. 66; Mary L. Long et al. v. St. Louis Union Trust Company, 332 Mo. 288, 57 S. W. (2d) 1071.]

It is the appellants' contention that by the deed the respondent took a life estate in the land conveyed, with remainder to the heirs of his body. The respondent contends that under the deed he took a fee simple title. We believe the contention of the respondent to be correct.

The deed from John E. M. Triplett to the respondent and his heirs did not convey a fee-tail estate as contended by the appellants because the words of procreation were not used.

"It is requisite, in order to create such an estate, that, in addition to the word 'heirs' there should be words of procreation which in-

dicate the body from which these heirs are to proceed, or the person by whom begotten. If this is done, it may not be necessary to make use of the words 'of the body,' if, by the description, it appears that they are to be the issue of a particular person. A general limitation to a man and the heirs of his body is sufficient, it being immaterial of whom begotten. Whether the limitation be to one and the heirs of his body begotten, or to such heirs to be begotten, is immaterial, for in the former case it would extend to embrace those already born.'' [1 Washburn on Real Property (6 Ed.) sec. 199.]

In Tygard v. Hartwell, 204 Mo. 200, l. c. 207, 102 S. W. 989, we said:

''Nor does the deed create an estate in fee tail, because words of inheritance are not used. Words of inheritance were as essential at common law in the creation of an estate in fee tail as they were in the creation of an estate in fee simple. The statute, Section 4590, Revised Statutes 1899, dispensing with the necessity of using the word 'heirs,' or other words of inheritance, applies only to the creation of estates in fee simple. [Kinney v. Mathews, 69 Mo. 520.] Our statutes abolishing entails and the rule in Shelley's case, Sections 4592 and 4594, Revised Statutes 1899, refer to common law estates. Blackstone says: 'As the word *heirs* is necessary to create a fee, so in further limitation of the strictness of the feodal donation, the word *body* or some other words of procreation, are necessary to make it a fee tail, and ascertain to what heirs in particular the fee is limited. If, therefore, either the words of inheritance, or words of procreation, be omitted, albeit the others are inserted in the grant, this will not make an estate tail. As, if the grant be to a man and the *issue of his body*, to a man and his *seed*, to a man and his *children* or *offspring*, all of these are only estates for life, there wanting the words of inheritance.' [2 Black. Com., p. 115.]

''This deed is exactly within the terms of the text just quoted 'to the man and his children,' and according to Blackstone its common-law effect was to create a life estate only; the words 'and his children' in that connection mean nothing, they are words of procreation, but not words of inheritance, and the law writer says there must be both words of procreation and words of inheritance to create an estate tail.''

To hold that the deed created a fee-tail estate it would be necessary for us to add words of procreation. We cannot write into the deed words changing the effect of the instrument which the grantor did not use.

Nor could the use of the words ''heirs'' be construed to mean ''children'' so as to convey an estate as tenancy in common in the respondent and the children that he might thereafter have. At the time this deed took effect the respondent was single and unmarried and there was no heir in being for the title to vest in. [Mary L.

Long v. St. Louis Union Trust Company, supra, and cases cited therein.]

At common law it was necessary to use the "heirs" in an instrument of conveyance to create a fee-simple estate, but by Section 3106, Revised Statutes 1929, the use of the word "heirs" is not now (nor was it at the date of the deed, Sec. 8834, R. S. 1889), essential to create an estate in fee-simple.

The deed before us names John A. Triplett and his "heirs" as "party of the second part" and the granting clause reads as follows:

"Grant, bargain and sell, convey and confirm, unto the said parties of the second part, his heirs and assigns."

We held in Kessner v. Phillips, 189 Mo. 515, l. c. 520, 88 S. W. 66, that where the deed read "do by these presents, grant, bargain, sell and transfer unto the said Joseph Lamertine Hudspeth, upon the terms and condition hereinafter set forth," it created a fee-simple estate. In Roberts v. Crume, 173 Mo. 572, l. c. 579, 73 S. W. 662, we said:

"The same rule with respect to the construction of deeds applies to the construction of wills, and it will not be contended that if the testator had conveyed by deed to his daughter, Mary I. Roberts *and her heirs*, the land involved in this litigation, she would not have taken the fee."

In Gannon v. Albright, 183 Mo. 238, l. c. 248, 81 S. W. 1162, we said:

"While it is true that our statute no longer requires the word 'heirs' to pass a fee simple, the use of these words in no manner casts any doubt upon the intention of a grantor or devisor who uses them to grant or devise a fee simple. It is doubtful whether any competent or skillful conveyancer ever dispenses with them in conveying a fee. Why should the use of words so long approved and so absolutely necessary at common law to effectuate such a purpose indicate a different purpose merely because the statute permits other and less words to have the same effect? Notwithstanding our statute has dispensed with the word 'heirs' in devising a fee, this court has often commended their use."

The provision in the deed that "the power to sell the above tract, being prohibited until his heirs are twenty-one years of age," is an ineffectual limitation of a fee already granted and is, therefore, void. When an estate in fee is granted by a deed or will, such an estate cannot be cut down to a lesser estate by a repugnant provision. To do so, the subsequent clause must be equally as clear as the granting clause, so that all clauses in the deed can be harmonized. That cannot be done in this case. In Gannon v. Albright, supra, l. c. 251, we said:

"'I give my said sons full power to sell and convey said land

when Joseph, the younger of the two, becomes of lawful age.' To our minds it seems absolutely clear that he understood he had already granted them a fee simple with the power to sell, and he only desired the land should not be sold during the minority of Joseph, but after that it was his will that no restraint should exist on their power to sell and convey. It is to be observed in this connection that the restriction is not to the sale of a mere life estate, but to a sale of the land itself. No such restriction was necessary if he had given them a mere life estate. We understand it is settled law that where an estate is devised to one and his heirs and assigns forever and there is added either by express words or by implication an absolute power of alienation, the limitation over is void. In our opinion the words of this restraining clause give an express power to sell, but if not there is clearly given such power by implication.''

In Kessner v. Phillips, 189 Mo. 515, l. c. 528, 88 S. W. 66, we said: ''In all such cases, however, the beneficiary has only an equitable interest and not the fee in the land. Such rules, however, do not apply where the conveyance is absolute to the donee coupled with either a perpetual or limited power of alienation, or attempts to place the property beyond the reach of the creditors of the donee. The better rule and the better reason is that such limitations or conditions cannot be drafted upon a fee simple estate, because they are repugnant to the absolute ownership incident to the fee. Donors who have such limited confidence in their donees should create spendthrift trusts, and not, as here, attempt to evade and violate fundamental and wise provisions of law in reference to mere legal estates. It follows that the conditions against alienation or liability for debts in the deed here involved are void, because they are repugnant to the absolute ownership granted by the deed to the grantee.''

In Elsea v. Smith, 273 Mo. 396, l. c. 413, 202 S. W. 1071, we said: ''An estate in fee having been created, a remainder cannot be limited thereon because the latter must have a particular estate to support it; any other limitation, whether it be in the nature of an executory interest or other defeasance, being inconsistent with the complete sovereignty of the owner of the fee over the land and his consequent unlimited right of alienation, cannot be attached to the estate and if attempted to be created, is void.''

In McDowell v. Brown, 21 Mo. 57, l. c. 60, we said: ''The clauses imposing the restraint are rejected as repugnant, and the deed takes effect accordingly.''

To sum up, it seems absolutely clear that the grantor understood that he had already granted the respondent a fee simple with the power to sell the land itself, but desired to place a restriction on the sale of the land until the heirs of the respondent came twenty-one years of age. The restriction was not to the sale of a life estate

but of the land. Such a restriction was not necessary if he had granted a mere life estate.

■ We are not prepared to say in this case that the interchangeable use of the words "his" and "parties" in referring to the parties of the second part has any real significance. The fact that the recited consideration in the deed is admitted not to be the real consideration does not change the applicable rule of construction to the conveyances of the character in question. Apparently the deed was drawn by one not schooled in the science of conveyancing. We construe the deed to convey the title to John A. Triplett in fee simple.

The judgment is affirmed. All concur.