HAZEL MAY RUMMERFIELD, of age, and ALBERT H. MASON and RUBY P. MASON, minors, by their next friend, MARY C. MASON, Appellants, v. George H. MASON.—No. 38739.—179 S. W. (2d) 732.

Division Two, April 3, 1944.

Rehearing and Motion to Transfer to Banc Denied, May 2, 1944.

*S. H. Ellison, J. E. Rieger,* and *Roland A. Zeigel* for appellants.

*Philip J. Fowler* and *E. M. Jayne* for respondent.

WESTHUES, C.—This is a suit to partition a tract of land containing about eighty acres situated in Adair county, Missouri.

Plaintiff, Hazel May Rummerfield, of age, and Albert H. Mason and Ruby P. Mason, minors, by their next friend, in their petition claimed that they and the defendant, George H. Mason, their father, were tenants in common, each owning a one-fourth undivided interest in the lands. The defendant filed an answer in which he claimed the whole title. He also filed a cross-petition asking the court to try and determine title, to vest title in him and to remove a cloud from his title which he claimed was placed thereon by the wording of the deed that gave rise to this lawsuit. The trial court entered a decree for the defendant and plaintiffs appealed.

All parties claim under the same deed. The two minors were represented by their mother as next friend. The defendant and his wife were divorced before the institution of this lawsuit. The deed under which the parties claim were executed by John H. Mason on March 31, 1923. The interpretation of the deed is the task before us. It reads as follows:

"This indenture, made on the thirty-first day of March One Thousand Nine Hundred and Twenty-Three (1923) by and between John H. Mason a single man of Adair County, Missouri party of the first part, and George H. Mason and his children of the County of Adair in the State of Missouri, parties of the second part.

"Witnesseth, that the said party of the first part, in consideration of the sum of One Dollar, to him paid by the said parties of the second part, the receipt of which is hereby acknowledged, does by these presents, Grant, Bargain and Sell, Convey and Confirm, unto the said parties of the second part, their heirs and assigns, the following described lots, tracts or parcels of land, lying, being and situated in the County of Adair and State of Missouri, to-wit:

"All of the southeast quarter of the southwest quarter of Section twenty-five (25) and the Northeast quarter of the northwest quarter of section thirty-six (36) Township sixty three (63) of range fourteen (14) and commencing at a point 26 and 2/3 rods south of the northeast corner of the southwest quarter of the southwest quarter of Section twenty five (25) Township sixty three (63) of range fourteen (14) and running thence south 66 and 2/3 rods, thence west 2 rods to place of beginning. Also, five and one fifth (5 and 1/5) acres off of the East end of the South eight (8) acres of the north fifteen (15) acres of the northwest quarter of the northwest quarter of section twelve (12) Township sixty two of range fourteen (14).

"The Grantor herein reserves to himself the use and control of said lands so long as he shall live.

"To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in anywise appertaining, unto the said parties of the second part, and unto their heirs and assigns forever; the said first party hereby covenanting that he is lawfully seized of an indefeasible es-

tate in fee in the premises herein conveyed; that he has good right to convey ▮ the same, that the said premises are free and clear of any encumbrances done or suffered by him or those under whom he claims, and that he will warrant and defend the title to the said premises unto the said parties of the second part and unto their heirs and assigns forever, against the lawful claims and demands of all persons whomsoever.

"In Witness Whereof, the Said Party of the first part has hereunto set his hand and seal, the day and year first above written.

JOHN H. MASON (Seal)"

The grantor in the deed, John H. Mason, retained possession of the land until his death July 26, 1939. At the time of the execution of the deed George H. Mason had one child, plaintiff, Hazel May Rummerfield. The other children, plaintiffs Ruby P. Mason and Albert H. Mason, were born after the execution of the deed but before the grantor's death. It was agreed that the three plaintiffs were the only children of the defendant.

▮ Defendant's contention is that he received an absolute fee simple title to the land by the deed in question subject only to the life estate of the grantor. Plaintiffs claim that under the deed they and the defendant own the land as tenants in common. Defendant in his brief says:

"It is the intention of the grantor, *expressed in the deed,* and not his intention which might be shown by extrinsic evidence, that governs. It is what he said and not what he intended to say."

That is a correct and concise statement of the law. Triplett v. Triplett, 332 Mo. 870, 60 S. W. (2d) 13, l. c. 15 (1, 2); 26 C. J. S. 324, sec. 83.

▮ In defendant's argument he says:

". . . respondent submits that if there ever was a 'spotted hog' case, the case of Tygard v. Hartwell is one, and that the decision in that case, being a rule of property, is more subject to the rule of stare decisis than decisions which affect only general matters."

Tygard v. Hartwell is reported in 204 Mo. 200, 102 S. W. 989. A comparison of the deed in the Tygard case with the deed now before us will disclose that they are entirely different. If the Tygard case is a "spotted hog" case then the one before us has no spots. In the Tygard deed the grantee was described as "James F. White of the second part". Further in the deed we find: "do hereby sell and convey unto James F. White, party of the second part." The only mention of anyone else except White was in the forepart of the deed where it read: "That the party of the first part has this day bargained and sold unto the party of the second part, and by these presents do bargain and sell unto the party of the second part his children and assigns forever." The deed contained no habendum clause. The various clauses of the deed in the case before us are consistent with each other.

No clause of the deed conflicts with any other as was the case in Garrett v. Wiltse, 252 Mo. 699, 161 S. W. 694; Rines v. Mansfield, 96 Mo. 394, 9 S. W. 798, or as in the Tygard case, supra, where there were many inconsistencies.

Defendant in his brief states:

"Appellants could not, under any circumstances, prevail on the theory that the deed created a tenancy in common, because two of appellants were not in being at its date, and a tenancy in common could not have been created as to them.".

Defendant cites Tygard v. Hartwell, 102 S. W. 989, 204 Mo. 200, l. c. 206; Kinney v. Mathews, 69 Mo. 520; Rines v. Mansfield, 96 Mo. 394, 9 S. W. 798. We may add that the Tygard and Kinney cases were apparently cited with approval in Triplett v. Triplett, 332 Mo. 870, l. c. 874, 60 S. W. (2d) 13, l. c. 15 (3). Those cases sustain the defendant in so far as a tenancy in common is concerned, that is, that a tenancy in common could not be created in plaintiff and his children not in being at the time of the effective date of the deed. Those cases, however, are authority against defendant's contention that he received the entire fee by the deed in question. As will be noted, the deed read that the land was conveyed to plaintiff and his children. The conveying clause reads: ". . . unto the said parties of the second part, their heirs and assigns . . . ." The habendum clause reads the same: ". . . unto their heirs and assigns forever;". The deed never referred to the grantees in the singular. The grantor secured to himself the use and control of the land so long as he should live. Plaintiff had one child in being at the time the deed was executed. So there was a child in being, capable of acquiring title, when the deed was executed. To sustain the defendant's contention that he is the owner of the entire fee we would be compelled to strike from the deed the word "children" and also to replace the words "their heirs" with the singular "his heirs". The nominal consideration in the deed and the fact that the grantor reserved unto himself a life estate indicate that the grant was a gift. The grantees were not to enjoy or have the right of possession until the death of the grantor. Our conclusion is that the grantor, by the deed in question, meant just what he said, that is, to give the land to the defendant and his children to be enjoyed by them after the death of the grantor. To place such an interpretation on the deed we need not add to or curtail any expression of the grantor.

 But we are not through. We must determine what kind of estate or interest in the land the defendant and his children acquired. The defendant, by his answer, asked for determination of title. In considering this question it is all important to keep in mind that the grantor was giving the defendant and his children the lands to be enjoyed by them after the death of the grantor. The writer's first impulse was to declare the defendant and his children tenants in com-

mon. However, the adjudicated cases hold that the deed in question created a life estate in the defendant, the father, with remainder in the children, those in being at the time of the execution of the deed and also those to be born thereafter. Tiffany, Outlines of Real Property, page 22, sec. 18; 26 C. J. S. 401, sec. 111, page 423, sec. 125. The case of Kinney v. Mathews, supra, 69 Mo. 520, decided in 1879, ruled this question. The case has since been cited in Tygard v. Hartwell, supra; Garrett v. Wiltse, supra, and Mathews v. O'Donnell, 289 Mo. 235, 233 S. W. 451, l. c. 458. It is therefore a rule of property, and we may add not an unwise or unjust rule. The question was considered at length in the opinion in the Kinney case, supra, and both English and American cases were reviewed. The holding in the Kinney case to the effect that the children acquired an interest in the land by the deed was approved in Long et al. v. St. Louis Union Trust Co. et al., 332 Mo. 288, 57 S. W. (2d) 1071, where this court in discussing the law said:

"The cases cited hold that a fee may be devised or conveyed to 'children' as a class, which fee will vest in those of the class in being when the instrument takes effect and will open up and let in others of the class when they come into being."

The cases referred to in the quotation hold that a fee may be devised or conveyed to children as a class, which fee will vest in those of a class in being when the instrument takes effect and will open up and let in others of the class when they come into being. Among those cases are, Waddell v. Waddell, 99 Mo. 338, 12 S. W. 349; Rothwell v. Jamison, 147 Mo. 601, 49 S. W. 503, l. c. 506 (5). We hold, therefore, that the defendant, George H. Mason, acquired, by the deed in question, a life estate in the lands and that his children acquired the remainder in fee.

The judgment of the trial court is, therefore, reversed and the case remanded with directions to enter a decree determining the title in conformity with this opinion. The plaintiffs, since they do not own the lands as tenants in common with the defendant as they claimed in their petition for partition, should be given an opportunity to dismiss their prayer for partition if they so desire. It is so ordered. *Bohling, C.,* concurs; *Barrett, C.,* absent.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.