CITY OF JACKSON, Missouri,
Respondent,

v.

BETTILEE EMMENDORFER
REVOCABLE TRUST u/t/a
dated 12/27/95

and

Frank D. Emmendorfer II Revocable
Trust u/t/a dated 12/27/95,
Appellants.

No. ED 90711.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 2, 2008.

Dale E. Gerecke, Bradshaw, Steele, Cochrane & Berens, L.C., Cape Girardeau, MO, for appellants.

Mary Eftink Boner, Ludwig & Boner, L.C., Jackson, MO, for respondent.

Before KURT S. ODENWALD, P.J., GLENN A. NORTON, J., and PATRICIA L. COHEN, J.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Owners of real property (Appellants) located in the City of Jackson, Cape Girardeau County appeal from the trial court's order granting the City of Jackson's (Respondent) Motion for Summary Judgment in its declaratory judgment action seeking a declaration of rights with regard to an easement granted to Union Electric Company (Union Electric) for electric transmission lines over Appellants' property. We affirm in part and reverse and remand in part.

## Background

Appellants own real property located in Jackson, Missouri, which was the subject of a condemnation action 40 years ago when the property was owned by Gale Heise, Della Heise, Della Heise Besher, James Besher, Emil Propst, and John Biri (Prior Owners). On November 29, 1968, Union Electric filed a First Amended Petition with the Cape Girardeau County Circuit Court seeking property rights over a portion of Prior Owners' property, now

owned by Appellants. Union Electric sought four portions of land: a 100–foot easement, for the purpose of erecting electric transmission lines; 25–foot sections on either side of the 100–foot easement for maintaining trees, overhanging branches and obstructions; two smaller parcels of 30 feet by 60 feet and 20 feet by 70 feet, for use in connection with the transmission lines; and an easement for ingress and egress. Paragraph 5 of Union Electric's First Amended Petition stated:

As a public utility and for public use, benefit and convenience, and as a public necessity and pursuant to Chapter 523, Missouri Revised Statutes, 1959, [Union Electric] needs and now hereby seeks to acquire, take and appropriate a perpetual right and easement by condemnation over and upon a strip of land one hundred (100) feet in width, for a right of way upon, across, through, over and under the above described real estate owed by [Prior Owners] for the purpose of erecting, constructing, keeping and maintaining a line or lines consisting of pole or tower structures, crossarms, wires, cables, transformers, anchors, guy wires and appurtenances (hereinafter called transmission lines, whether one or more than one) in order to transmit and distribute electric energy, together with the right, permission and authority to [Union Electric], its successors and assigns, to place, erect, use, maintain, inspect, alter, add to and relocate at will said transmission lines across, through, over and under said easement or right of way and with the further right, permission and authority to trim, cut and remove, by any means whatsoever, from said premises of defendants sought to be condemned any trees, overhanging branches or obstructions and the right to trim, cut and remove, by any means whatsoever, any trees, overhanging branches or obstructions located within

twenty-five (25) feet on each side of, adjacent to and parallel with the one hundred (100) foot right of away sought to be condemned, which may endanger the safety of or interfere with said transmission line; ~~and together with the right of ingress to and egress~~ stricken 1/18/69 ~~from the premises sought to be condemned on such premises of the defendants~~ and additional areas for ingress and egress more particularly hereinafter described in paragraph 8 hereof, and the right to enter upon the premises sought to be condemned, at any and all times for the purpose of constructing, erecting, patrolling, repairing, altering, removing and/or adding to said transmission lines and the right of traveling over said premises sought to be condemned for the purpose of gaining ingress to and egress from the rights of way or easements owed by [Prior Owners] over lands adjacent to the ends thereof for the purpose of doing anything necessary or convenient for the enjoyment of the easement herein sought to be condemned; and also the privilege of removing at any time any or all of said transmission lines erected upon, across, through, over, under or on any or all of said strip, hereinafter described.

On February 8, 1969, the circuit court entered its Order Condemning Real Estate (Order) in the condemnation action. The Order granted Union Electric the 100–foot easement, easements to the two separate parcels, and an easement for ingress and egress; however the court did not mention Union Electric's request for an easement of the 25–foot sections on either side of the 100–foot easement. The circuit court's Order specifically read:

ORDERED, ADJUDGED AND DECREED By the Court that the land and premises owned by [Prior Owners] described in paragraph numbered 4 of

[Union Electric's] first amended petition are and stand condemned for the 100–foot easement or right of way upon and across said real estate as set out in the first amended petition filed herein, the easement over the additional adjoining parcels 30 feet by 60 feet and 20 feet by 70 feet and the easement for ingress and egress as heretofore described herein, and [Union Electric] is hereby granted easement or right of way 100 feet wide upon and across the said tract of real estate owned by said [Prior Owners], an easement over the additional adjoining parcels 30 feet by 60 feet and 20 feet by 70 feet and an easement for ingress and egress all as heretofore described herein, for the purpose and subject to the conditions set forth in [Union Electric's] first amended petition.

A Report of Commissioners was prepared by the Public Service Commission of Missouri and filed with the circuit court on February 27, 1969. The Report indicates the commissioners viewed the 100–foot easement as well as the 25–foot sections on either side of the 100–foot easement. The commissioners also viewed the two smaller parcels and the areas sought for ingress and egress. The commissioners assessed damages on account of the appropriation at $22,224.

Union Electric deposited the $22,224 in damages with the office of the Clerk of the Court, who then paid Prior Owners the amount in full. On August 19, 1969, the circuit court entered its Judgment and held the "order of condemnation of the rights and easements of [Union Electric] in the lands of [Prior Owners]" be confirmed and the rights and easements described in the Order be vested in Union Electric.

Thereafter, Union Electric, now doing business as Ameren UE, constructed an electric supply line across Prior Owners' property, now owned by Appellants.

In October 2006, Union Electric entered into an agreement with Respondent to allow Respondent to build a new electric transmission line on the eastern edge of the 100–foot easement. Respondent and Union Electric entered into a Partial Assignment of Electric Line Easement Rights in accordance with that agreement.

Respondent filed a petition with the trial court on April 4, 2007, seeking a declaration of rights as to whether the 1969 condemnation action awarded Union Electric the 25–foot sections on either side of the 100–foot easement, whether Union Electric has the right to assign to Respondent the right to construct an electric transmission line on the 100–foot easement, and whether the construction of an additional electric transmission line amounts to an additional taking of property from Appellants. Appellants filed an Answer asserting the Order made no mention of an easement or other rights condemned or established on either side of the 100–foot easement. Appellants also argued that construction of an additional electric transmission line would increase the burden on Appellants' property "beyond the scope of the intended and authorized use of the easement," the grant of the easement would be "inconsistent with the original use of the easement," and the additional utility poles and electric transmission lines "would interfere with [Appellants'] reasonable use and enjoyment of their property and unreasonably damage the property."

Respondent filed a Motion for Summary Judgment on May 29, 2007, alleging no contested material facts and requesting a judgment declaring Respondent's rights in the property. Appellants responded.

The trial court initially denied Respondent's Motion for Summary Judgment after oral argument on September 10, 2007.

However, on November 20, 2007, the trial court again reviewed Respondent's Motion for Summary Judgment and found its previous order denying the motion in error. The trial court held there were no genuine issues of material fact and that Respondent was entitled to judgment as a matter of law. As part of the judgment, the court found:

> The rights awarded to Union Electric in [the condemnation case] includes the right, permission and authority to trim, cut and remove trees, overhanging branches and obstructions on 25 feet on each side of, adjacent to and parallel with the 100 feet right of way which may endanger the safety of or interfere with the transmission lines contained in said 100 feet right of way....

> Union Electric Company was granted the right to add more than one electric transmission line on the 100 feet easement or right of way awarded to it in [the condemnation case]....

> Union Electric Company, now doing business as Ameren UE, has the power and authority to assign to [Respondent] the right to construct an electric transmission line on a part of the easement or right of way acquired by Union Electric Company in the condemnation action ...

> [T]he assignment of rights by Union Electric Company to [Respondent] ... does not create an additional burden on [Appellants] beyond that awarded to Union Electric Company and paid for in the condemnation action ...

This appeal follows the grant of Respondent's Motion for Summary Judgment.

### Points on Appeal

Appellants present two points on appeal. First, Appellants allege the trial court erred in determining the rights awarded to Union Electric in the condemnation case included rights to the 25–foot sections on either side of the 100–foot easement. Appellants assert the trial court exceeded its authority to make such a determination because the 1969 Order, together with the Judgment establishing the easement, make no mention of, and contain no reference to, any such additional 25–foot sections on either side of the 100–foot easement.

In their second point, Appellants argue the trial court erred in determining the easement holder has the right to assign the easement for constructing an additional electric transmission line on the easement because there exists a genuine dispute of material fact as to whether that action creates an additional burden on Appellants' property.

### Standard of Review

Appeals from summary judgment are essentially reviewed *de novo*. *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 707 (Mo. banc 2005). On appeal, this court will review the record in the "light most favorable to the party" against whom the judgment was entered. *Id.* The non-moving party is accorded the benefit of all reasonable inferences from the record. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria for evaluating the propriety of summary judgment on appeal are no different from those used by the trial court to determine the propriety of sustaining the motion initially. *Id.* Since the propriety of summary judgment is purely an issue of law and the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.*

To be entitled to summary judgment, the moving party must demonstrate that: (1) there is no genuine dispute as to the

material facts on which the party relies for summary judgment; and (2) on those facts, the party is entitled to judgment as a matter of law. Rule 74.04; *Hoffman,* 176 S.W.3d at 707.

### Discussion

#### 1. Scope of Easement

Appellants first argue the trial court erred because the Order, entered February 8, 1969, along with the court's subsequent Judgment, establishing the easements, make no mention of and contain no reference to the 25–foot sections on either side of the 100–foot easement. We agree.

Union Electric's easement over Prior Owners' property, now Appellants' land, was created through two court documents; the Order filed on February 8, 1969, and the Judgment filed August 19, 1969. These documents comprise the holdings of the trial court in the condemnation proceedings, and describe with specificity the land that the condemnation encompassed.

When interpreting easements, we ascertain the intention of the grantor from the instrument itself. *Erwin v. City of Palmyra,* 119 S.W.3d 582, 584 (Mo.App. E.D.2003). Only when the language of the deed is "unclear and ambiguous" do we resort to the rules of construction and consider extrinsic evidence. *Id.* at 584. A contract is not ambiguous simply because parties disagree about its meaning. *Id.* Rather, "an ambiguity arises 'when the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms.'" *Id., quoting Chehval v. St. John's Mercy Medical Center,* 958 S.W.2d 36, 38 (Mo.App. E.D.1997). Extrinsic evidence cannot be used to create an ambiguity, it must appear from the four corners of the contract itself. *Id.; see also White v. Meadow Park Land Co.,* 240 Mo.

App. 683, 213 S.W.2d 123, 126 (1948) (holding, "If the language of a deed or other written instrument is clear and unambiguous, the intention of the parties is gathered from the instrument. It is what the grantor said and not what he intended to say.").

We find nothing unclear or ambiguous in the documents creating the easement in this case, thus we are guided by the plain language of those documents without the need to refer to extrinsic evidence.

#### A. Court Order Condemning Real Estate and Judgment

The Order includes specific and detailed reference to and descriptions of the property sought to be condemned and taken by Union Electric, specifically "an easement or right of way 100 feet in width upon and across the land owned by [Prior Owners]," "two parcels of real estate ... adjacent to such 100–foot easement or right of way for use in connection with such transmission lines, which additional parcels comprise one area 30 feet by 60 feet and a second area of 20 by 70 feet," and "a means of ingress and egress to and from such 100–foot right of way or easement." When granting the condemnation, the trial court made specific reference to the 100–foot wide easement, the additional adjoining parcels of 30 feet by 60 feet and 20 feet by 70 feet, and the easement for ingress and egress. The Order contains no mention or reference to the additional 25–foot sections on either side of the 100–foot easement.

The Judgment likewise contains no mention of the 25–foot sections on either side of the 100–foot easement that the trial court found to be included in the easement granted to Union Electric in 1969. To the contrary, the Judgment states that the Order is confirmed, and that the rights and easements described in the Order and Judgment of condemnation were vested in

Union Electric. From a plain and clear reading of these two rulings, the easement is limited to the 100–foot strip of land, the two parcels adjacent to the 100–foot easement, and a means of ingress and egress. The 25–foot sections located on either side of the 100–foot strip are not included in the easement granted in 1969. We are unable to infer the inclusion of any such 25–foot sections from our reading of these documents. The documents unambiguously limit the easement to those parcels of land specifically enumerated in the Order and Judgment.

B. *Union Electric's First Amended Petition*

■ Respondent also argues that the trial court properly granted summary judgment acknowledging Respondent's rights to the additional 25–foot sections on either side of the 100–foot easement for the purpose of trimming, cutting, and removing trees, overhanging branches, and obstructions because the 1969 Order refers to and incorporates Union Electric's First Amended Petition, which describes the 25–foot sections and the purposes for which Union Electric sought the easements for the 25–foot sections. We disagree.

While the Order makes mention of Union Electric's First Amended Petition several times, the Order, even when the appropriate sections of the First Amended Petition are incorporated, makes no reference to the 25–foot sections at issue in this litigation.

The Order first refers to the First Amended Petition in paragraph 1 when referring to the tract of land owned by Prior Owners. Paragraph 1 of the Order simply refers to paragraph 4 of the First Amended Petition, which contains nothing more than the legal description of the Prior Owners' tract of land in Jackson, and does not contain in any manner a description of the easements requested by Union Electric.

The next reference to the First Amended Petition is in paragraph 2 of the Order, which states:

[Union Electric] seeks to take, acquire and appropriate, for the purposes described in the first amended petition filed herein, an easement or right of way 100 feet in width upon and across the land owned by [Prior Owners], as alleged in said first amended petition ...

While this paragraph of the Order refers to the First Amended Petition, the reference is limited to Union Electric's stated purpose for seeking the easement and a description of the 100–foot easement or right of way. Nothing contained within paragraph 2 of the Order refers to or incorporates the portion of Union Electric's First Amended Petition that mentions the 25–foot sections located on either side of the 100–foot easement.

The next reference to the First Amended Petition in the Order is set forth in paragraph 3 of the Order, which again refers only to paragraph 4 of the First Amended Petition. As we note above, paragraph 4 of the First Amended Petition refers only to the general legal description of the parcel owned by Prior Owners and which was the subject of the 1969 condemnation action. While the Order makes some reference to the First Amended Petition when describing the 100–foot easement, the two separate parcels, and the easement for ingress and egress, the Order contains no mention of the 25–foot sections on either side of the 100–foot easement when referring to the First Amended Petition.

Paragraph 5 of the Order makes reference to the First Amended Petition when it again states that the use and purpose of the parcels to be taken are set forth in the First Amended Petition. Notably, within

this same paragraph 5 of the Order, the trial court specifically references the separate parcels that are the subject of the condemnation, but makes no mention of the 25–foot sections on either side of the 100–foot easement. Instead, the Order refers only to the 100–foot easement, the easement on two specific additional parcels, and the easement for ingress and egress.

Lastly, the Order references the First Amended Petition when the trial court "Ordered, Adjudged and Decreed" that the property described in paragraph 4 of the First Amended Petition was condemned "for the purposes and subject to the conditions set forth in [Union Electric's] first amended petition." Respondent suggests that this language incorporates the entirety of the First Amended Petition, along with Union Electric's specific request for the 25–foot sections, into the Order. Again, this portion of the Order refers specifically to property that was the subject of the condemnation; the 100–foot easement, the two separate parcels, and the easement for ingress and egress. This portion of the Order makes no mention of the 25–foot sections on either side of the 100–foot easement. The language found within this portion of the Order refers to the limitation of the easement holder's rights under the easement granted, and does not expand the description of the property included within the easement. This language, when read in context with the Order, limits the easement to specific purposes and subject to certain conditions set forth in the First Amended Petition, namely, building and maintaining electric transmission lines. This language does not expand the easement to include the totality of all provisions found in the First Amended Petition, but merely precludes Union Electric's use of the land for any

purpose not mentioned and subject to the enumerated conditions.

Neither the Order nor the Judgment incorporates the First Amended Petition in its entirety. While the record before us does not provide any reason as to why the easement requested by Union Electric over the 25–foot sections were not included in the Order and Judgment, we are constrained by the express and specific language contained in those court rulings. These controlling documents simply do not grant an easement to Union Electric over the 25–foot sections in question. We cannot read language into those documents or refer to extrinsic evidence where the language is clear and unambiguous.

C. *Report of Commissioners*

■ Respondent next suggests that the viewing of the 25–foot sections in question by the commissioners, and the reference to the 25–foot sections in the Report of Commissioners provide a basis for including the 25–foot sections in the easement granted to Union Electric in 1969. While it is true that this portion of land was viewed, referenced, and likely even considered when the commissioners determined the damage amount, the Report of Commissioners is not controlling and provides no basis for the exercise of authority over the 25–foot sections. The Report of Commissioners provides no assistance to Respondent as we can find no language in the Order or Judgment that incorporates the description of the land referenced in the Report of Commissioners into either of those documents.

In determining the rights of the parties we must be guided by plain language of the 1969 Order and Judgment. These documents do not include any reference to the 25–foot sections that the trial court held were included with the easement granted

to Union Electric in 1969.[1] The trial court erred in granting summary judgment in favor of Respondent and finding that the condemnation rights awarded to Union Electric included the right, permission and authority to trim, cut and remove trees, overhanging branches and obstructions on the 25–foot sections on each side of, adjacent to and parallel with the 100–foot easement or right of way. Point I is granted.

## 2. Additional Burden

■ In their second point on appeal, Appellants allege that the trial court erred in finding the easement holder had the right to assign the easement for purposes of constructing additional electric transmission lines on the 100–foot easement. Appellants allege the easement allowed only one set of electric transmission lines, and that the construction and placement of additional poles, lines, and wires creates an additional burden on Appellants' property. We disagree.

As in Appellants' first point, we look to the plain meaning of the language contained in the documents creating the easement to define the rights and obligations of the parties. The Order, filed with the circuit court on February 8, 1969, outlines the lands subject to the condemnation order. The Order refers to the First Amended Petition to ascertain the purpose of the proposed easements. In this respect only, we refer to the First Amended Petition, which states that the purpose of the proposed easements is the following:

erecting, constructing, keeping and maintaining a *line or lines* consisting of pole or tower structures, crossarms, wires, cables, transformers, anchors, guy wires and appurtenances (hereinafter called transmission lines, whether one or more than one) in order to transmit and distribute electric energy, together with the right, permission and authority to [Union Electric], *its successors and assigns,* to place, erect, use, maintain, inspect, alter, *add to and relocate at will* said transmission lines across, through, over and under said easement or right or way . . .

(emphasis added).

It is clear and unambiguous that the Order grants the easement holder the ability to construct a "line or lines," permits the holder to "add to and relocate" the electric transmission lines, and references "successors and assigns," thus indicating that assignments are permitted.

■ Mere nonuse of an easement created by grant does not amount to abandonment. *Harrison v. State Highways and Transp. Comm'n,* 732 S.W.2d 214, 217 (Mo.App. S.D.1987). The general principle holds that a dominant tenant is not required to make full use of his right. *White v. Meadow Park Land Co.,* 240 Mo.App. 683, 213 S.W.2d 123, 126 (1948). A dominant tenant may not make a more burdensome use than his right allows, but he may make a less burdensome use. *Id.* Because Union Electric has not chosen to take advantage, until now, of its ability to build additional lines, relocate existing lines, or assign some of its rights does not make those purposes less permissible.

The proposed use of the easements enumerated in the Partial Assignment of Electric Line Easement Rights between Union Electric and Respondent, namely the con-

---

1. While an easement for the 25–foot sections on either side of the 100–foot easement is not contained in the written language of the documents, Union Electric may have a claim for prescriptive easement if on remand it can show continuous, uninterrupted, visible, and adverse use of the 25–foot sections for a period of ten years. *Harmon v. Hamilton,* 903 S.W.2d 610, 612–613 (Mo.App. S.D.1995).

struction of additional electric transmission lines, is precisely the use enumerated in the Order granting the easement. Appellants present no evidence indicating additional electric transmission lines would impose an additional burden on their land, above and beyond that already contemplated in the original condemnation proceeding of 1969. The trial court did not err in its finding that the assignment of rights by Union Electric to Respondent did not create an additional burden on Appellants beyond that awarded to Union Electric and paid for in the condemnation action. Point II is denied.

### Conclusion

The judgment of the trial court granting Respondent's motion for summary judgment with regard to the 25–foot sections of land adjacent to the 100–foot easement is reversed and remanded for further proceedings consistent with this opinion. The judgment of the trial court granting Respondent's motion for summary judgment with regard to the assignment of the easement is affirmed.

GLENN A. NORTON, J. and PATRICIA L. COHEN, J., Concur.